IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MANDY VANBIBBER**
583 Hollingshead Road
Wellston, Ohio 45692

And

**GARY VANBIBBER**
583 Hollingshead Road
Wellston, Ohio 45692

    Plaintiffs,

-vs-

**ARTHREX, INC.**
c/o Reinhold Schmieding
1370 Creekside Blvd.
Naples, Florida 34108

And

**JOHN DOE DEFENDANTS #1-10**
Names and Addresses
Unknown to Plaintiff

    Defendants.

Case No. __17-cv-869__

C O M P L A I N T

**Jury Demand Endorsed Hereon**

## C O M P L A I N T
(Jury Demand Endorsed Hereon)

Now comes Plaintiffs, by and through counsel, and for their causes of action state as follows:

    1.    At all times relevant hereto, Plaintiffs Mandy VanBibber and Gary VanBibber (hereinafter "Plaintiffs") were residents of Wellston, Ross County, Ohio.

2. At all times relevant hereto, Plaintiff Mandy VanBibber received medical care and treatment, including a right total knee replacement, at Adena Health System, Ross County, Ohio.

3. At all times relevant hereto, Defendant Arthrex, Inc. (hereinafter "Arthrex") was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Florida and is conducting, and has regularly conducted, business in the State of Ohio.

4. At all times relevant hereto, Defendants John Does #1–10 were individuals, partnerships or corporations organized and existing under the laws of Ohio or some other state of the United States of America or some foreign jurisdiction, and that said Defendants are conducting and have regularly conducted business in Franklin County, Ohio.

5. At all times relevant hereto, Defendants John Does #1-10 were involved in the manufacture, distribution, sale and/or design of medical implant devices such as the one that was implanted into Plaintiff Mandy VanBibber.

6. The true names and capacities (whether individual, partnership, corporation or otherwise) of Defendants John Does #1-10 could not be discovered by Plaintiffs at this time and the Plaintiffs have, accordingly, sued these unknown Defendants under these fictitious names.

7. When the true names of said John Doe Defendants have been ascertained, Plaintiffs will seek leave to amend their Complaint accordingly.

8. Plaintiff believes that Defendants John Does # 1-10 are legally responsible for events and occurrences that are described in this Complaint, and that John Doe Defendants proximately caused injuries and damages to Plaintiffs as set forth hereinafter.

## JURISCITION AND VENUE

9. Jurisdiction is conferred on this Court by virtue of 28 U.S.C. §1332(a).

10. Venue lies in the Southern District of Ohio pursuant to 28 U.S.C. §1391(b) as the events giving rise to the causes of action asserted herein took place in Ross County, Ohio.

11. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000), exclusive of costs, interest and attorney's fees.

## SERVICE OF PROCESS

12. Service of process is permitted on Defendants pursuant to Fed. R. Civ. R. 4.

## COMMON FACTUAL ALLEGATIONS

13. On December 8, 2014, Plaintiff was admitted to Adena Regional Medical Center in Chillicothe, Ross County, Ohio for a bilateral total knee replacement. The knee components implanted into Plaintiff were an iBalance, an Arthrex Inc. product line. There were no complications during this surgery.

14. Plaintiff Mandy VanBibber's left knee did well; however, the right knee was problematic. In part, she had increasing pain, swelling, instability in the knee and an abnormal gait due to the pain she was experiencing.

15. A bone scan and x-rays showed clear evidence of component loosening and failure with constant increasing pain and discomfort with hyperextension and medial lateral instability.

16. On July 12, 2016 Plaintiff Mandy Vanbibber was admitted to The Jewish Hospital in Cincinnati, Hamilton County, Ohio for a revision of her failed Arthrex iBalance knee implant. Her surgeon was Dr. Mark Seigel.

17. Dr. Seigel's operative findings included a complete tibial component failure. During the surgery, Dr. Seigel found that the tibial component was so loose it came out by simply pulling on it.

## PLAINTIFF'S FIRST CAUSE OF ACTION
### [Negligence – All Defendants]

18. Plaintiffs incorporates the preceding paragraphs as if fully rewritten herein.

19. Plaintiffs state that Defendants Arthrex, Inc. and/or John Does #1-10 owed a duty to use reasonable care in the research, testing, manufacture, preparation, design, development, distribution, advertising, marketing, inspecting, configuring, suppling and/or selling of the Arthrex iBalance knee implant used by Plaintiff Mandy VanBibber, and were obliged to protect her against the foreseeable risk of harm posed by the Arthrex iBalance knee implant.

20. Defendants Arthrex, Inc. and/or John Does #1-10 breached their duty of care owed to Plaintiff Mandy VanBibber to protect her from an unreasonable risk of harm in that they negligently researched, tested, manufactured, prepared, designed, developed, distributed, advertised, marketed, inspected, configured, supplied, and/or sold the iBalance knee implant for subsequent use by the Plaintiff, Mandy VanBibber.

21. Defendants Arthrex, Inc. and/or John Does #1-10 were negligent because they knew, or reasonably should have known, that their knee implant was unreasonably dangerous and harmful to persons when used for its foreseeable and intended purpose.

22. As a direct and proximate result of Defendants Arthrex, Inc. and/or John Does #1-10's negligence, Plaintiff Mandy VanBibber has suffered severe and permanent injuries. These injuries have caused Plaintiff Nancy VanBibber to incur lost wages, loss of earning capacity, as

4

well as medical, hospital, rehabilitative and drug expenses. Due to the nature of her injuries, Plaintiff Mandy VanBibber expects to incur these expenses into the future.

23. As a direct and proximate result of Defendants Arthrex, Inc. and/or John Does #1-10's negligence, Plaintiff Mandy VanBibber has suffered severe pain, mental anguish, and loss of enjoyment of life, and due to the permanent nature of her injuries she expects to suffer such losses and damages into the indefinite future.

## PLAINTIFFS' SECOND CAUSE OF ACTION
### [Product Liability – All Defendants]

**Defective Design, Formulation and/or Manufacturer or Construction:**

24. Plaintiffs incorporate the preceding paragraphs as if fully rewritten herein.

25. The iBalance knee implant was defectively designed and/or manufactured in that the iBalance knee implant failed to withstand normal and reasonable use by Plaintiff Mandy VanBibber, and otherwise failed to perform adequately and safely when use din an intended and reasonably foreseeable manner, so as to proximately cause injuries to the Plaintiff.

26. The defects existed at the time the iBalance knee implant left the control of the Defendants and was introduced into the stream of commerce by Defendants Arthrex, Inc. Specifically, Plaintiff state that the Defendants researched, tested, manufactured, prepared, designed, developed, distributed, advertised, marketed, inspected, configured, supplied and/or sold the iBalance knee implant and knew or should have known that the iBalance would be used by users without any knowledge of their product defects and inherent dangers and without any inspection for dangers and defects.

5

27. Defendants knew, or in the exercise of reasonably diligence, should have known of the risk of injury to Plaintiff Mandy VanBibber and others like her, from the use of the iBalance knee implant.

28. When used in an intended and reasonably foreseeable manner, the iBalance knee implant is more dangerous than an ordinary consumer or user would expect.

29. The benefits of the iBalance knee implant do not outweigh the risks inherent in the design and configuration of the iBalance knee implant.

30. As a direct and proximate result of Defendants' defective product, Plaintiff has suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages, loss of earning capacity and medical, hospital, rehabilitative, drug and other related expenses.

31. As a direct and proximate result of Defendants' defective product, Plaintiff Mandy VanBibber has suffered severe pain, mental anguish and loss of enjoyment of life and due to the permanent nature of her injuries, she expects to suffer such damages into the indefinite future.

32. As a direct and proximate result of Defendants' defective product, Plaintiff Mandy VanBibber has suffered severe pain, mental anguish, and the loss of enjoyment of life and due to the permanent nature of her injuries, she expects to suffer such damages into the indefinite future.

**Strict Liability - Inadequate Warning or Instruction:**

33. Plaintiffs incorporate the preceding paragraphs as if fully restated herein.

34. Defendants as duly licensed corporations, designed, manufactured, sold and/or otherwise introduced into the stream of commerce the iBalance knee implant which was being used by Plaintiff Mandy VanBibber when the events above occurred.

6

35. Defendants knew, or in the exercise of reasonable care should have known, about the risk of injury to Plaintiff, and others like her, from the use of Defendants' iBalance knee implant.

36. Defendants failed to provide warnings and/or instructions to surgeons and/or patients at the time of its marketing and when it left the control of Defendants that a manufacturer, exercising reasonable care, would have provided concerning the risk to Plaintiff in light of the likelihood that the product would cause harm of the type for which Plaintiff seeks compensation in light of the seriousness of that harm.

37. The product was further defective due to inadequate post-marketing warnings and/or instructions because Defendants knew, or in the existence of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which Plaintiffs seek to recover compensatory damages and the manufacture failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk in light of the likelihood that the product would cause harm of the type for which Plaintiffs seek to recover compensatory damages, and in light of the likely seriousness of the harm.

38. The defects existed at the time the iBalance knee implant left the control of the manufacturer and was introduced into the stream of commerce by Defendants.

39. As a direct and proximate result of Defendants' defective product, Plaintiff Mandy VanBibber suffered severe pain, mental anguish and loss of enjoyment of life and due to the serious nature of her injuries, Plaintiff expects to suffer such damages into the indefinite future.

**Defective Due to Nonconformance with Manufacturer's Representations:**

40.     Plaintiffs incorporate the preceding paragraphs as if fully rewritten herein.

41.     The iBalance knee implant was defective due to its failure to conform, when it left the control of Defendants.

42.     As a direct and proximate result of Defendants' defective product, Plaintiff Mandy VanBibber suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages, loss of earning capacity, medical, hospital, rehabilitative and drug expenses.

43.     As a direct and proximate result of Defendants' defective product, Plaintiff Mandy VanBibber suffered severe pain, mental anguish and loss of enjoyment of life and due to the permanent nature of her injuries expects to suffer such losses and damages into the indefinite future.

**Liability of Supplier:**

44.     Plaintiffs incorporate the preceding paragraphs as if fully rewritten herein.

45.     Defendants qualify as suppliers of the product because Defendants, in the course of a business conducted for the purpose, sold, distributed, packaged, and/or labeled the iBalance knee implant and/or otherwise participated in the placing of the product in the stream of American commerce.

46.     Defendants negligently performed as suppliers of the iBalance knee implant.

47.     As a direct and proximate result of the Defendants' defective product, Plaintiff Mandy VanBibber suffered severe and permanent injuries. These injuries have caused Plaintiff Mandy VanBibber to incur lost wages, loss of earning capacity and medical, hospital, rehabilitative, drug and other related expenses.

48. As a direct and proximate result of Defendants' defective product, Plaintiff Mandy VanBibber suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer such damages into the indefinite future.

### PLAINTIFF'S THIRD CAUSE OF ACTION
### [Breach of Implied Warranty – All Defendants]

49. Plaintiffs incorporate the preceding paragraphs as if fully rewritten herein.

50. Defendants' implied warranty was that the iBalance knee implant was of good and merchantable quality, fit and safe for its ordinary and intended use without endangering human life or safety and free from design or manufacturing defects.

51. Defendants breached these implied warranties of merchantability, safety, and fitness for a particular purpose in that the iBalance knee implant was defective, defectively designed, defectively manufactured, and dangerous to reasonably foreseeable users like Plaintiff Mandy VanBibber.

52. Plaintiff relied upon the implied warranties and representations of Defendants regarding their product and, as a result, utilized the iBalance knee implant.

53. As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff Mandy VanBibber suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages, loss of earning capacity, and medical, hospital, rehabilitative, drug and other related expenses.

54. As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff Mandy VanBibber suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer such damages into the indefinite future.

## PLAINTIFF'S FOURTH CUASE OF ACTION
### [Breach of Express Warranty – All Defendants]

55. Plaintiffs incorporate the preceding paragraphs as if fully rewritten herein.

56. Defendants expressly warranted that the iBalance knee implant was reasonably fit for its intended use without endangering human safety and free from design or manufacturing defects.

57. Defendants breached this express warranty because the iBalance knee implant was dangerous and defective for its reasonably foreseeable use.

58. Plaintiff relied on the expressed warranties and representations of Defendants regarding the fitness, safety, and durability of the iBalance knee implant and as a result Plaintiff used said iBalance knee implant.

59. As a direct and proximate result of Defendants' breaches of express warranties, Plaintiff Mandy VanBibber suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages, loss of earning capacity and medical, hospital, rehabilitative, drug and other related expenses.

60. As a direct and proximate result of Defendants' breaches of express warranties, Plaintiff Mandy VanBibber suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer such damages into the indefinite future.

## PLAINTIFFS' FIFTH CAUSE OF ACTION
### [Loss of Consortium]

61. Plaintiffs incorporate the preceding paragraphs as if fully rewritten herein.

62. At all times relevant to this Complaint, Plaintiff Gary VanBibber was, and is the husband of Plaintiff Mandy VanBibber.

63. As a direct and proximate result of the negligence of the Defendants, collectively and individually, Plaintiff Gary VanBibber has lost the love, affection, society, aid, assistance, affection and companionship of his wife, and due to the permanent nature of his wife's injuries, he will incur such losses and damages into the future.

**WHEREFORE**, Plaintiffs hereby demand judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, special and medical damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00) together with attorney fees, the costs herein expended, and any other such relief as may be just and proper in this case.

Respectfully submitted,

_____
Daniel N. Abraham      (0023457)
**COLLEY SHROYER & ABRAHAM CO., LPA**
536 South High Street
Columbus, Ohio 43215
Tele: (614) 228-6453
Fax: (614) 228-7122
Email: dabraham@csajustice.com
*Trail Attorney for Plaintiffs*

## JURY DEMAND

Now come Plaintiffs, by and through counsel, and demands that the within matter be tried by a jury of eight (8).

_____
Daniel N. Abraham    (0023457)

11